IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KAREEM JAMAL CURRENCE**                                           **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO. 3:20CV121 KHJ-LGI**

**FEDERAL BUREAU OF PRISONS,**
**et al.**                                                                   **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Kareem Jamal Currence challenges the constitutionality of the Inmate Financial Responsibility Program ("IFRP") as applied to him. He has sued the Bureau of Prisons ("BOP") and four BOP counselors in their official capacities for conduct at four different BOP facilities. At the time of filing, Currence was housed in FCI-Yazoo in Yazoo City, Mississippi. Upon determining that Currence's claims are more appropriately litigated in the district of his incarceration, the United States District Court for the District of Columbia transferred this cause to this district by order of the Court on January 29, 2020.

The Court takes judicial notice of the Bureau of Prisons website, which reflects that Currence was released from federal custody on November 30, 2020. However, the docket reflects that Currence has not provided this Court with a current address since his release from BOP custody and has not communicated with this Court since his case was transferred from the United States District Court for the District of Columbia. The undersigned therefore recommends that the petition, which seeks declaratory judgment regarding his challenge to the constitutionality of the IFRP as applied to him, be dismissed for lack of a case or controversy.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted).  The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78).  Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot.  *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).  "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"  *Valentine v. Pearson*, No. 5:10cv160 DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).  A petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."  *Spencer*, 523 U.S. at 7.  Thus, "[f]or the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot."  *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

Although Currence was in custody at the time of filing, he has not made the requisite showing since his release from custody.  Consequently, he has not demonstrated that his petition presents a concrete and continuing injury for this Court to retain jurisdiction.

This cause is also subject to dismissal for want of prosecution and failure to comply with the Local Rules requirement to maintain a current address with the Court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). Even if a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 45 F. App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute -- even incarcerated litigants must inform the court of address changes).

Given his failure to demonstrate a continuing injury since his release, as well as his failure to maintain a current address with the clerk of the court, the undersigned recommends that Currence's Petition be dismissed without prejudice. Alternatively, if Currence files a timely objection to this Report and Recommendation, demonstrating that his claims were not rendered moot by his release from custody, he should be allowed to proceed on his claims.[1]

---

[1] The undersigned is mindful of the futility in providing Petitioner an opportunity to notify the Court of collateral consequences, given that the Court is unable to contact him because he has failed to maintain a current address with the Court. Nevertheless, Petitioner should be afforded the opportunity to do so, should he file a timely objection to this report and recommendation.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on September 30, 2021.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE
